HALLGARTEN *et al.* v. ECKERT *et al.*, appellants.

*Review of decision of one judge by another.*

A resettlement of a case was made by a judge, pursuant to a previous order giving 'leave to apply, made by another judge. The order resettling the case was appealed from by the defendants, and affirmed by the general term by default. A motion was then made before a third justice to have the previous orders vacated, which motion was denied. *Held*, that the denial of the motion was right.

APPEAL from an order denying a motion of defendants William Eckert and others, to vacate an order resettling a case. This action was tried before Mr. Justice VAN BRUNT and a jury, and judgment was rendered for plaintiffs Lazurus Hallgarten and others. An appeal was taken to the general term where the judgment was reversed, and a new trial ordered. After the entry of the reversal order the plaintiffs obtained from Mr. Justice DANIELS leave, on payment of costs to defendant, to apply for the resettlement .of the case by striking out a specific exception, upon which the reversal was ordered. Justice VAN BRUNT thereafter, and on the 18th July, 1873, struck out the exception in question. The defendants appealed from this order to the general term, which affirmed the same. On July 24, the plaintiffs appealed to the court of appeals from the order reversing the judgment. On September 30, 1873, the court of appeals denied plaintiffs' motion to remit the cause to the general term, for leave to move for a re-argument of the appeal, on the ground of the resettlement of the case, and ordered that the

Hallgarten v. Eckert.

plaintiffs have leave to enter an order dismissing their appeal to that court on payment of the costs of such appeal. The plaintiffs having taken no action under this order, and subsequent notice of argument in the court of appeals having been given by both parties, the defendants moved to vacate the order resettling the case. This motion was denied by Mr. Justice DONOHUE at special term, and from such denial the present appeal is taken.

*Jacob A. Gross*, for appellant, cited *Belmont* v. *Erie Ry. Co.*, 52 Barb. 637 ; *Erie Ry. Co.* v. *Ramsey*, 57 id. 449 ; *Wetmore* v. *Low*, 34 id. 515 ; *Erie Ry. Co.* v. *Ramsey*, 45 N. Y. 637 ; *Kirby* v. *Fitzpatrick*, 18 id. 484 ; *Swarthout* v. *Curtis*, 4 id. 417 ; *Ely* v. *Holton*, 15 id. 595 ; *Tompkins* v. *Hyatt*, 19 id. 535 ; *Clark* v. *Brooks*, 2 Abb. (N. S.) 405.

*Sigismund Kaufman* and *Lewis Sanders*, for respondents.

LAWRENCE, J. The order, made at the special term by Mr. Justice DONOHUE, was right, and should be affirmed. The resettlement of the case, in this action, was made by Judge VAN BRUNT, pursuant to an order made at the special term on the 14th of July, 1873, by Mr. Justice DANIELS. From that order no appeal was taken by the defendants, and the time for taking such appeal has long since expired.

The order made by Judge VAN BRUNT, pursuant to the order of Justice DANIELS, was appealed from by the defendants, and this court, on the 20th of January last, affirmed that order by default.

The application made to Justice DONOHUE was for the purpose of having the orders of Justices DANIELS and VAN BRUNT vacated. To countenance such a practice would be to allow one justice at special term to review and reverse the order of another justice made at special term. There is no such practice, and no provision of the Code with which we are familiar which permits it. In this case such practice, even if it existed, should not be followed, because the order for the resettlement has been acted upon, and such action, as above stated, has been approved by this court.

The order is affirmed, with costs.

DAVIS, P. J., and DANIELS, J., concurred.

*Order affirmed.*